State ex rel. Page vs. Judge.

No. 8733.

## THE STATE OF LOUISIANA EX REL. L. PAGE, PRESIDENT, ETC., VS. F. A. MONROE, JUDGE, ETC.

A *mandamus* cannot lie to compel a District Judge to grant an appeal to the Court from a judgment dismissing a case, as to one of the defendants, where an exception is filed to the jurisdiction, and the petition in the suit shows that the amount claimed is less than one hundred dollars.

Such dismissal does not extinguish the corporation, plaintiff in the case. The suit continues to be pending as to the other defendant.

APPLICATION for a Mandamus.

*J. S. Hyams* for the Relator.

The Respondent *in propria persona.*

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a *mandamus* to compel the District Judge to grant an appeal from a final judgment dismissing a suit brought by the relator as to one of the defendants therein.

The petition averred against that defendant (Rougé) that he had in his possession, as depositary of the society, of which the relator claims to be president, a cash box containing $67.

The lower court sustained an exception to its jurisdiction. Thereupon the plaintiff applied for an appeal, which was refused.

The construction placed by relator upon this judgment of dismissal is that it involves the *status* or existence of the society, the value of which is alleged to exceed $1,000, and dismisses the whole case.

We do not view the matter in the same light.

It was apparent from the recitals of the petition that the amount in dispute was below the lower limit of the jurisdiction of the District Court. The judgment dismissing the suit for want of jurisdiction *ratione materiæ*, is fully sustained by the record and by the law. The case remains pending as to the other defendant.

If the relator be the president and head of the corporation, the existence of which he avers, there being no law constraining the institution of suits by judicial persons exclusively before a certain court, he should bring his action before a city court, which would have jurisdiction of the sum claimed, as it falls below the upper limit of the competence of such courts.

The application for a *mandamus* is refused with costs.